IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DON EARL LEWIS                                                                                          PLAINTIFF

        v.                              Civil No. 4:12-cv-04140

TRACY KNOX                                                                                             DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      This is a civil rights action filed by the Plaintiff, Don Lewis, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Arkansas Department of Corrections, Cummins Unit in Grady, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.    BACKGROUND**

      Plaintiff originally filed his Complaint on December 4, 2012. ECF No. 1. In his Complaint, Plaintiff alleges Defendant, a nurse at Wadley Regional Medical Center in Texarkana, Texas, failed to follow guidelines in dealing with a sexual assault victim that was a minor. ECF No. 1, p. 5. Specifically, Plaintiff alleges: (1) Defendant gave written and verbal statements to Miller County Sheriff's Deputy Christopher Spear on April 22, 2012 in violation of the minor

1

victim's patient confidentiality (ECF No. 1, p. 5); (2) the statements by Defendant are going to be used in Plaintiff's criminal trial and will incriminate him (ECF No. 1, p. 6); (3) Defendant is listed as a witness against Plaintiff in his criminal trial (ECF No. 1, p. 6); (4) Defendant should have followed protocol by ensuring a request for medical examination and a release of medical information was signed by the victims guardian and authorized hospital staff (ECF No. 1, p. 6); (5) Defendant was not authorized as a sexual assault examiner and should not have interviewed the victim (ECF No. 1, p. 6); (6) Defendant is personal friends with Deputy Spear (ECF No. 1, p. 6).

## II.  DISCUSSION

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

Plaintiff claims his constitutional rights were violated when Defendant reported the findings of her exam of Plaintiff's victim to the Miller County Sheriff's Deputy in violation of the victim's patient confidentiality rights.  This claim fails to state a violation of Plaintiff's constitutional rights. Any right to privacy in the victim's medical records and examination belonged to the victim not

to Plaintiff. *See Hodak v. City of St. Peters*, 535 F.3d 899, 904 (8th Cir. 2008) ("a plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interests of third parties") (internal quotations and citations omitted). Further, there is no private cause of action under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA"). *See Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010).

Accordingly, I recommend Plaintiff's claim regarding his victim's privacy rights be **dismissed with prejudice** as frivolous.

Plaintiff's additional claims and allegations are construed as challenges to Defendant testifying against him in his criminal proceeding. Any such claims are not ripe for adjudication at this time because Plaintiff only claims Defendant is listed as a potential witness for his upcoming criminal trial. *See KCCP Trust v. City of North Kansas City,* 432 F.3d 897, 899 (8th Cir. 2005) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (quoting *Texas v. United States,* 523 U.S. 296, 300 (1998).

Accordingly, I recommend Plaintiff's claim regarding Defendant's potential testimony against him be **dismissed without prejudice** as it is not yet ripe.[1]

### III.  CONCLUSION

Accordingly, I recommend Plaintiff's Complaint (ECF No. 1) be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a).

---

[1] The Court notes Plaintiff has been sentenced and transferred to the Arkansas Department of Corrections since filing his Complaint, however, there is no information available to the Court on whether Plaintiff proceeded through a criminal trial or whether Defendant testified at any such trial. Therefore, the only information relied upon for purposes of this Report and Recommendation are those facts asserted in Plaintiff's Complaint.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **12th day of June 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE