IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DON EARL LEWIS                                                                                    PLAINTIFF

V.                                      CIVIL NO. 4:12-cv-4140

TRACY KNOX                                                                                        DEFENDANT

## ORDER

Before the Court is the Report and Recommendation filed June 12, 2013, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 8). Judge Bryant recommends that Plaintiff Don Earl Lewis's ("Lewis") Complaint be dismissed. On July 1, 2013, Lewis filed objections to the Report and Recommendation. (ECF No. 9). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

This case involves civil rights claims brought by Lewis pursuant to 42 U.S.C. § 1983. The claims arise from criminal charges filed against Lewis for sexual assault. Specifically, Lewis alleges that: (1) Defendant Tracy Knox ("Knox") violated his constitutional rights when Knox reported her medical examination findings of Lewis's alleged victim to a deputy; and (2) Knox violated his constitutional rights by testifying against him. Judge Bryant reviewed Lewis's complaint pursuant to 28 U.S.C. § 1915A. Under 28 U.S.C. § 1915A, the Court must review the Complaint to determine if the Complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.

As to the claim relating to the medical examination, Judge Bryant concluded that Lewis failed to state a violation of his constitutional rights because any right to privacy belonged to the victim, not Lewis.  "[A] plaintiff may only assert his own injury in fact and cannot rest his claim to relief on the legal rights or interest of third parties." *Hodak v. City of St. Peters*, 585 F.3d 899, 902 (8th Cir. 2008).  Accordingly, in this case, Lewis cannot assert claim for violations of his victim's rights.  Therefore, Judge Bryant properly recommended that Lewis's claim be dismissed.

As to the allegations relating to Knox's testimony, Judge Bryant concluded that the claim was not ripe for adjudication because Knox was listed as a potential witness and had not actually testified against Lewis.  In his objections to the Report and Recommendation, Lewis informed the Court that he accepted a plea agreement for the criminal charges.  He has not informed the Court of a proceeding where Knox testified against him.  Because the Court is not aware of any proceeding where Knox has testified or may testify in the future, Lewis's claim regarding her testimony does not present a live controversy.  The claim should therefore be dismissed.

The Court therefore overrules Lewis's objections and adopts Judge Bryant's Report and Recommendation in full.  For the reasons stated herein, as well as those contained in the Report and Recommendation, Plaintiff's Complaint is hereby **DISMISSED**.

**IT IS SO ORDERED**, this 7th day of October, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge